# Clement *versus* The Northumberland Coal Co.

Marks found upon an adjoining junior survey cannot control or enlarge the dimensions of an earlier survey, even though the junior survey adopts the lines of the older, but such marks may be submitted to the jury, as evidence tending to discover the actual location of the older survey.

June 10th 1878. Before AGNEW, C. J., MERCUR, GORDON, WOODWARD and TRUNKEY, JJ. SHARSWOOD and PAXSON, JJ., absent.

Error to the Court of Common Pleas of *Northumberland county* : Of May Term 1877, No. 88.

Ejectment by Ira T. Clement against the Northumberland Coal Company, to recover eighty-three acres of unseated land.

The plaintiff claimed title to a tract of land in the name of Mary Myers, granted by a warrant from the Commonwealth, on the 11th of June 1793, and surveyed on the 2d of October of that year. The title of the plaintiff to the land embraced in this warrant and survey was not disputed. This Mary Myers tract was one of a block of eleven tracts, surveyed at the same time, for the same person, on warrants all dated June 11th 1793. This block of surveys was known as the "Brush Valley" block.

The defendants claimed that the land in dispute was embraced within the lines of a tract of land surveyed October 22d 1794, on a warrant of November 26th 1793, to William Elliott. This William Elliott tract was one of a block of four surveys known as the "LaFavre" block, and adjoining the Brush Valley block on the

[Clement *v.* Northumberland Coal Co.]

south.   The true line dividing these two blocks of surveys was the question in the case.

It appeared that the northern line of the Brush Valley block and the southern line of the tracts forming the LaFavre block were both distinctly marked on the ground, but there was no evidence to show that the boundary line between these two tracts had ever been marked.   The LaFavre block was the latest surveyed, and was described as bounded on the north by the Brush Valley block, but the eastern and western lines of the two blocks, as returned to the land office, were not of sufficient length to extend to a common boundary.   The easternmost tract of the Brush Valley block was the Lobdell tract, and it also appeared that four months after the survey of the Brush Valley block a tract of land to the east of said block, and known as the Richard Martin tract, was surveyed and described as bounded on the west by said Lobdell tract and having its southwest corner identical with the southeast corner of said tract.   It was shown also that the southern line of the Richard Martin tract was distinctly marked by a pitch pine and by a " post by a pine" at its southeast corner.   This return, it appeared, was returned to the land office three days before the earlier survey of the Brush Valley block.   The plaintiff contended that the location of the southern line of the Richard Martin tract fixed the southern line of the Brush Valley Block, which included the plaintiff's tract and he therefore, in his third point, asked the court to charge :

" That in making a location, either of a single survey or of a block of surveys, the marks found upon the ground belonging to junior surveys, made about the same time by the same surveyor, may be taken into consideration by the jury as evidence of the proper location of the elder surveys, if it appears that the surveyor in locating and marking the lines of the junior survey or surveys, adopted the lines of the older surveys which they adjoin, and returned those of the junior as identical with those of the older."

Which the court, Elwell, P. J., answered as follows :

" Marks found upon adjoining surveys, made about the time of the survey, are evidence upon the subject of location, but they cannot control or enlarge the dimensions of an earlier survey, even though they may adopt its lines.

In the general charge the court also, inter alia, said :  " The material question in this case is, whether the southern boundary of the Mary Myers was fixed by that pitch pine on the line of the Martin, and by its southeast corner at a post by a pine.

" Upon that subject we have presented to us a number of points by the counsel, and their request to us to charge you, and I can as well give my views in reference to that subject by answering those points, as by any other method.   Therefore I shall pursue that course, for the case, in my judgment, is narrowed down to the fact, as to whether the southern boundary of the Mary Myers was fixed

[Clement v. Northumberland Coal Co.]

by those marks or not.    If it was, and if the marks made upon
that Martin warrant were made at a later day that warrant could
control the surveys upon the southern boundary of the Mary Myers.
If there was no line running south of the Mary Myers, nor of the
body of surveys, then, unless this pitch pine controls the location
of the course down to that, the plaintiff's title does not extend fur-
ther south than the length of the lines called for in the warrant,
and if that is not the case, he could not recover the lands in ques-
tion; on the contrary, if they do extend down beyond the original
call—reach down far enough to make the line run from the pitch
pine west, then, as I understand it, the Myers survey covers the
land in question."

Verdict and judgment for defendants.    Plaintiff then took this
writ and assigned for error, inter alia, the answer to his third point.

*F. B. Gowen, Wm. C. Lawson, T. H. Purdy* and *S. P. Wol-
verton*, for plaintiff in error.—While it may be true that the adjust-
ment of the lines of a junior survey cannot of itself enlarge the
boundaries of an older, or effect its location, yet the evidence of
what the deputy-surveyor did on the ground, in locating the junior
warrants contemporaneously with the location of the older, cer-
tainly should have been submitted to the jury, on the question
of the location of the line between these two blocks: The Carbon
Run Improvement Co. *v.* Rockafeller, 1 Casey 49; Sweigart *v.*
Richards, 8 Barr 436; Bellas *v.* Cleaver, 4 Wright 260.

*Joshua W. Comly, John W. Ryon* and *George W. Zeigler*, for
defendant in error.—The marks on a junior survey cannot be made
to extend or contract an older survey: Bellas *v.* Cleaver, *supra ;*
Manhattan Coal Co. *v.* Green, 23 P. F. Smith 310.

The judgment of the Supreme Court was entered June 17th
1878,

Per Curiam.—The point though made in the oral argument
against the instruction of the learned court below, we think is
without a sufficient foundation in the charge.    The judge very
correctly held that a subsequent survey could not control the
lines of a former, but he did not leave the case upon this single
instruction, by omitting to inform the jury that the subsequent acts
of the deputy-surveyor in locating a junior warrant, and the marks
left by him on the ground, might be considered as evidence tending
to disprove the actual location of the older survey.    On the con-
trary, he answered the third point of the plaintiff below, which
raised the question very plainly, so as to bring the true distinction
fairly before the minds of the jury.    The point is clear, and he
replied : " Marks found upon adjoining surveys made about the
time of the survey are evidence upon the subject of location, but

they cannot control or enlarge the dimensions of an earlier survey, even though they may adopt its lines." Thus the jury was left to locate the earlier survey by those marks, if they should conclude that they indicated the true place of the earlier location; and were at the same time informed, that the lines of a later survey cannot alter or enlarge the lines of a former survey, although the courses and distances of these former lines may be adopted. Certainly this was a fair instruction and brought the charge within the precedents cited. The difference between that which is evidence of a fact and an effect which controls the fact is plain. Then when the judge came to state the evidence of the marks found, he most distinctly referred to the pitch pine on the southern line of the Martin tract, and the post or pine as the material matter in determining the question as to the southern boundary of Mary Myers. In the next paragraph he refers to his answers to the points and leaves the question of the boundary as indicated by those marks to the jury. On the whole we discover no error.

Judgment affirmed.